**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HASSAN ALI PEJOUHESH,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>*Defendant*. | Civil Action No. 17-1684 (RDM) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hassan Pejouhesh, *pro se*, has submitted a letter (1) inquiring about the status of his interlocutory appeal, Dkt. 54; (2) asking about the status of his motion for extension, Dkt. 53; and (3) requesting a copy of his docket sheet.  The Court will address each of these in turn.

The Court begins with Plaintiff's interlocutory appeal, which Plaintiff has now voluntarily withdrawn.  The D.C. Circuit has issued its formal mandate returning the case to this Court.  Dkt. 57.  This Court remains convinced, moreover, that the appointment of counsel is not warranted on the current record.  The D.C. Circuit has held that Local Civil Rule 83.11 "provides the relevant factors for deciding motions for the appointment of counsel in FOIA cases."  *Willis v. FBI*, 274 F.3d 531, 532 (D.C. Cir. 2001).  Under Local Civil Rule 83.11(b)(3), the Court should consider the following factors: "(i) Nature and complexity of the action; (ii) Potential merit of the *pro se* party's claims; (iii) Demonstrated inability of the *pro se* party to retain counsel by other means; and (iv) Degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel."  *Pinson v. U.S. Dep't of Justice*, 273 F. Supp. 3d 1, 4–5 (D.D.C. 2017)

(quoting the rule).  In deciding whether to appoint counsel, a single "factor can be controlling." *Id.*

The nature and complexity of this case do not warrant the appointment of counsel. Although Plaintiff characterizes this case as complex because it relates to his efforts to seek post-conviction relief, *see* Dkt. 48 at 1, what is at stake here is a run-of-the-mill FOIA request, *cf. Pinson*, 273 F. Supp. 3d at 5 ("Based on this Court's extensive experience with the FOIA requests, the FOIA issues involved are not complex and discovery will likely not be required."). The case has been simplified, moreover, because the Court has already dismissed Plaintiff's policy or practice claim for lack of standing and has granted Defendant's motion for summary judgment as to as to all but a narrow subset of withholdings.  Dkt. 22.  Moving to the second factor, the potential merit of Plaintiff's claims does not warrant appointment.  The only issue left to litigate relates to some of the agency's withholdings under Exemptions 7(C) and 7(E), and the Court previously declined to grant summary judgment with respect to those withholdings simply because the Postal Service had offered insufficient information to decide the question.  *See id.* at 12–17.  The Postal Service has now renewed its motion for summary judgment and has submitted an additional declaration that, according to the Postal Service, addresses that deficiency.  *See* Dkt. 31.

The third factor weighs in favor of appointing counsel but is not dispositive.  Pejouhesh's status as an incarcerated person, his difficulties speaking English, his lack of income, and his medical conditions all present substantial obstacles to obtaining counsel.  *See* Dkt. 48 at 2–5.  He has not shown, however, that is incapable of representing himself or that his case differs from the many cases in which prisoners litigate FOIA cases without the benefit of counsel.

Finally, the interests of justice would not be undermined if the Court declines to appoint counsel.  The case presents only one remaining, narrow issue, and Plaintiff is capable of addressing that issue without counsel.  Weighing all four factors, the Court remains convinced that this case does not merit the appointment of counsel.

Having decided that the appointment of counsel is unwarranted, the Court stresses the need to move this case to conclusion.  Plaintiff is advised that the Court has granted his motion for extension and that he has until on or before August 15, 2020 to respond to Defendant's motion.  *See* Minute Order (June 1, 2020).  He is further cautioned that because Defendant's motion has been pending for several months and Plaintiff has been granted numerous extensions, no further extension will be granted absent a showing of extraordinary circumstances.  If Plaintiff does not file an opposition brief by that date, the Court will proceed to decide the long-pending motion based on whatever materials are before the Court.

Finally, the Court will grant Plaintiff's request for a copy of the docket sheet but cautions Plaintiff that, in the usual course, questions regarding the public docket should be directed to the Clerk's Office.

It is, accordingly, hereby **ORDERED** that (1) the Court will not appoint counsel to represent Plaintiff; (2) Plaintiff shall respond to the pending motion for summary judgment on or before August 15, 2020; and (3) the Clerk of the Court shall mail Plaintiff a copy of the docket sheet at his address of record.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  June 18, 2020